UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. VECCHIO, et al, | ) | CASE NO.  5:11cv1403 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CREDIT BASED ASSET SERVICING | ) | |
| c/o LITTON LOAN SERVICING, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiffs John G. Vecchio, Elizabeth A. Vecchio, and the Andro Children's Trust, bring this *pro se* action against Defendant Credit Based Asset Servicing ("Credit Servicing"), asserting violation of John G. Vecchio's right to due process. This claim is based on the following allegations: Credit Servicing filed a complaint in foreclosure against Elizabeth Vecchio and the Andro Children's Trust. John G. Vecchio was not included as a defendant in the foreclosure action, filed in the Summit County Court of Common Pleas, even though John and Elizabeth are married. A judgment of foreclosure was nevertheless granted

on September 14, 2010.[1] Plaintiff John Vecchio seeks an injunction halting the sale of the property.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that the claims asserted in this action satisfies these criteria.

Construing the Complaint liberally, it appears Plaintiffs are seeking relief under 42 U.S.C. § 1983 for the asserted violation of their constitutional rights. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements [...] are present: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a State or local government official or employee. *Doyle v. Schumann*, No. 1:07CV3684, 2008 WL 397588, at * 3 (N.D. Ohio Feb. 11, 2008).

A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584,

---

[1] See *Credit Based Asset Servicing and Securitization c/o Litton Loan Servicing v. Elizabeth Vecchio*, Summit County Common Pleas Court Case No. CV-2007-12-8434, http://www.cpclerk.co.summit.oh.us/Parties.asp?CaseID=CV2007128434&CT=C&Suffix=

590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Given the most liberal construction, there is simply no suggestion in the Complaint that Credit

Servicing, a private party, acted under color of state law.

For the foregoing reasons, this action must be and is hereby dismissed.

**IT IS SO ORDERED**.

Dated: July 22, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**